IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDWIN ANTONIO ALGARÍN-MOURE,

Plaintiff,

v.

PEDRO JOSÉ BÁEZ-LÓPEZ, et al.,

Defendants.

CIVIL NO. 20-1234 (CVR)

**OPINION AND ORDER**[1]

**INTRODUCTION**

This case stems from a car accident that took place on July 2, 2019, between Plaintiff Edwin A. Algarín Moure ("Plaintiff") and co-defendant Pedro José Báez López ("Defendant").[2]  As a result of the accident, Plaintiff allegedly sustained injuries to his "left knee, left shoulder, lumbar area, cervical area, and other areas" for which he sought medical treatment.  (Docket No. 157 at pp. 18 and 20).  Plaintiff then filed suit in this Court claiming damages in the amount of four million dollars ($4,000,000.00).  (Docket No. 157).[3]

After a complicated procedural history, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) ("Motion to Dismiss") alleging that diversity jurisdiction is lacking because Plaintiff has failed to meet the over seventy-

---

[1] The facts stated herein are limited to those relevant for the issues discussed in this Opinion and Order.  For a more detailed retelling of the factual background of this case, the Court refers the parties to its Opinion and Order at Docket No. 294.
[2] In the previous Opinion and Order, this Court granted summary judgment in favor of Co-defendants Uber Puerto Rico, Uber Technologies, Inc., Rasier, LLC, and James River Insurance Company.  (Docket No. 294).  Thus, Pedro José Báez López is the only remaining defendant in the case and will furthermore be referred to as Defendant.
[3] On December 9, 2021, Plaintiff filed a Third Amended Complaint.  (Docket No. 157).  This Complaint constitutes the official complaint of the case and will be treated as such pursuant to Federal Rule of Civil Procedure 15(a)(2).

five thousand dollar ($75,000.00) jurisdictional threshold amount. (Docket No. 306). Defendant's reasoning is premised chiefly on the fact that the medical evaluation and subsequent damages report performed by Plaintiff's medical expert, Dr. William Acevedo ("Dr. Acevedo"), is deficient because Plaintiff allegedly "failed to provide [Dr. Acevedo with] critical medical information and records about his pre-existing conditions." (Docket No. 306 at p. 2). Defendant proffers his own medical expert's report of Plaintiff to contradict that of Dr. Acevedo's. Defendant contends that this willful omission on Plaintiff's part makes Plaintiff's damages less than Dr. Acevedo's report suggests, and consequently, less than the jurisdictional threshold amount. Id. Defendant also briefly mentions part of Plaintiff's deposition testimony and an extrajudicial letter of intent signed by Plaintiff's counsel as exhibits to further bolster his theory for dismissal. (Docket No. 306 Exhibit 1 and Docket No. 307, Exhibit 1).

On August 15, 2023, Plaintiff opposed the Motion to Dismiss arguing that his injuries as presented in the Complaint, taken as true, entitle him to receive damages more than the jurisdictional threshold amount, and that at this juncture, "[t]he conflict between the expert witness is something that will have to be decided by the jury at trial...." (Docket No. 310 at p. 12).

For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this rule does not require the complainant to provide "'detailed factual allegations,'" it does require the complainant to present something "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1940 (2009).

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), "[t]he district court must construe the Complaint liberally and treat all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (citing Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987)); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (citing K.W. Thompson Tool Co. v. United States, 836 F.2d 721, 726 (1st Cir. 1988)). In making its analysis, "the court may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in this case." Aversa v. United States, 99 F.32d 1200, 1210 (1st Cir. 1996); Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010); see also Hernández-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005) ("Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." (citing Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)).

"A party, however, may not rest merely on 'unsupported conclusions or interpretations of law.'" Murphy, 45 F.3d at 522 (citing Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)). Similarly, "'[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts' will not defeat a motion to dismiss." Id. (citing Coyne v. City of Sommerville, 972 F.2d 440, 444 (1st Cir. 1992)) (emphasis omitted). Nonetheless, "[d]ismissal is only proper [under Rule 12(b)(1)] if the facts alleged reveal a jurisdictional defect not otherwise remediable." Klein v. ESJ Resort, LLC, Civil No. 21-1570 (ADC),

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 4 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 4

2022 WL 3227731, at *1 (D.P.R. Aug. 10, 2022) (citing Sumitomo Real Estate Sale (N.Y.), Inc. v. Quantum Dev. Corp., 434 F.Supp.2d 93, 95 (D.P.R. 2006)).

In the same vein, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") requires the courts to take the facts alleged in the complaint as true, "draw[ing] all inferences in the pleader's favor." Cebollero-Bertrán v. Puerto Rico Aqueduct and Sewer Auth., 4 F.4th 63, 69 (1st Cir. 2021) (citing Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not meet the plausibility threshold that obliges the Court to take them as true. Ashcroft, 556 U.S. at 663 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).

Under this standard, a plaintiff's complaint cannot simply be speculative in nature, but rather "must itself frame a viable constitutional claim." Morales Tañón v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008). See also Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 8 (1st Cir. 2011) ("A complaint only 'shows' an entitlement to relief if its factual allegations are 'enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (citing Twombly, 550 F.3d at 555)). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft, 556 U.S. at 664.

**LEGAL ANALYSIS**

Defendant asserts that Plaintiff fails to meet the jurisdictional threshold amount because Dr. Acevedo's expert report is deficient insofar as it fails to consider Plaintiff's pre-existing medical conditions prior to the 2019 car accident. (Docket No. 306 at pp. 7-

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 5 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 5

13). To this end, Defendant provides the following: (1) an independent medical evaluation done to Plaintiff by Defendant's own medical expert, Dr. Eric R. Javier ("Dr. Javier"), that contradicts Dr. Acevedo's report (Docket No. 306-3); (2) an excerpt of Plaintiff's deposition asserting that the injuries for which he seeks damages were present prior to the accident (Docket No. 306-1); and (3) a letter of intent to sue signed by Plaintiff's counsel in which Plaintiff "is claiming for damages an amount not less than fifty thousand dollars ($50,000.00). (Docket No. 307).

In turn, Plaintiff avers that the 2019 car accident exacerbated and aggravated the pre-existing injuries to such a degree as to entitle him to monetary relief more than the jurisdictional threshold amount. (Docket No. 310 at p. 11).

**A. Expert Witness Testimony.**

An expert witness's testimony is allowed "[i]f the scientific, technical, or other specialized knowledge [that the expert provides] will assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 588, 113 S.Ct. 2786 (1993) (citing Fed. R. Evid. 702). The basis of said testimony may rely "on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. The determination of whether or not to admit an expert witness's testimony at trial falls within the sound discretion the Court. Int'l Adhesive Coating Co., Inc. v. Bolton Emerson Int'l, Inc., 851 F.2d 540, 544 (1st Cir. 1988) (citing Lynch v. Merrell-Nat'l Labs., 830 F.2d 1190, 1196-97 (1st Cir. 1987)).

Nevertheless, in making the analysis, an expert need not disclose whatever facts or data he uses for his testimony in order for said testimony to be admissible at trial. Int'l Adhesive Coating Co., Inc., 851 F.2d at 544 (citing Coleman v. DiMinico, 730 F.2d 42, 47

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 6 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 6

(1st Cir. 1984)). Rather, "[t]he burden is on opposing counsel through cross-examination to explore and expose any weaknesses in the underpinnings of the expert's opinion." Id. Similarly, the tentative or speculative nature of an expert testimony is not enough to exclude it, "so long as opposing counsel has an opportunity to attack the expert's credibility." Id. at 545 (citing Payton v. Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985)); Coleman, 730 F.2d at 46-47. See also Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." (citing Rock v. Arkansas, 483 U.S. 44, 61, 107 S.Ct. 2704 (1987)). Nor does the expert testimony by itself have to "'establish the validity of a central, disputed factual claim . . . to have a factual basis and be admissible.'" Packgen v. Berry Plastics Corp., 847 F.3d 80, 86 (1st Cir. 2017) (citing Int'l Adhesive Coating Co., Inc., 851 F.2d at 545).

     The Court disposes of Defendant's first argument briefly, as it is evident that Defendant's position that Plaintiff's expert report is somehow inaccurate, incomplete, or incompatible with his own expert's report falls squarely within the purview of the jury, not the Court. See, e.g. Packgen, 847 F.3d at 86-87 ("[Defendant] was free to argue to the jury that [the expert witness's] failure to conduct a survey made his opinion less persuasive, but the failure did not make his opinion inadmissible."); Lawes v. CSA Architects and Engineers LLP, 963 F.3d 72, 102 (1st Cir. 2020) ("Even if the factual underpinnings of [the expert's] opinion could be viewed as weaker than they would have been had he considered the data the court focused on, 'that was a matter affecting the weight and credibility of [his] testimony', not its admissibility.") (citing Payton, 780 F.2d at 156).

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 7 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 7

In this regard, the First Circuit has previously held that it is up to the jury to determine how much weight and credibility an expert testimony should be given. See Int'l Adhesive Coating Co., Inc., 851 F.2d at 544 (citing Payton, 780 F.2d at 156) ("When the factual underpinning of an expert's opinion is weak, *it is a matter affecting the weight and credibility of the testimony—a question to be resolved by the jury*.") (emphasis added); Newell Puerto Rico, Ltd. v. Rubbermaid, Inc., 20 F.3d 15, 21 (1st Cir. 1994) (finding the same); Lawes, 963 F.3d at 102 (same). Thus, "'[t]he soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact.'" Milward. v. Acuity Specialty Products Group, Inc., 639 F.3d 11, 22 (1st Cir. 2011) (citing Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000)).

In view of the foregoing, the Court rejects Defendant's argument as to this issue.

**B. Jurisdictional Threshold Amount.**

Defendant submits, as a second reason for dismissal, that Plaintiff's counsel sent him an extrajudicial letter of intent stating that the damages that Plaintiff suffered were for an amount not less than fifty thousand dollars ($50,000.00),[4] is inapposite in this case. Long-established Supreme Court precedent states that:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot

---

[4] Docket No. 306 at p. 20-21 and Docket No. 307, Exhibit 1, which contains the translated letter of intent which was submitted to the Court in a Motion to Supplement the Motion to Dismiss.

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 8 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 8

>     recover the amount clarified or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289, 58 S.Ct. 586 (1938).

The Court of Appeals for the First Circuit ("the First Circuit") has consistently followed this standard.[5]

Though the letter of intent may be considered in this type of analysis, Aversa, 99 F.3d at 1210, the Court must also contemplate the well-pleaded factual allegations in the Complaint and make all reasonable inferences in the plaintiff's favor. Viqueira, 40 F.3d at 16 (citing Royal, 833 F.2d at 1). Plaintiff's alleged damages include the cost of at least thirty-three (33) physical therapies that Plaintiff underwent, hospital expenses, loss of income, and mental anguish, among other damages. (Docket No. 157 at pp. 19-20). Moreover, the proffer of Dr. Javier's expert report to contradict Dr. Acevedo's expert report only serves to further veer the Court further away from dismissal, for as the Court has already stated, factual determinations that go to weight and credibility are a burden for the jury to shoulder. Milward, 639 F.3d at 22 (citing Smith, 215 F.3d at 718). Therefore, it cannot be said to "a legal certainty that the physical and emotional damages in this case would not be enough to sustain such an award." Klein v. ESJ Resort, LLC, 2022 WL 3227731 at *4.

Furthermore, the mere fact that Plaintiff's preexisting conditions "are the same ones he demands to be compensated for by [Defendant],"[6] prior to the accident does not

---

[5] See, e.g., Conventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 5 (1st Cir. 1995); Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012); Ins. Brokers West, Inc. v. Liquid Outcome, LLC, 874 F.3d 294, 297 (1st Cir. 2017); Andersen v. Vagaro, Inc., 57 F.4th 11, 14-15 (1st Cir. 2023) (citing Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004)).
[6] Docket No. 306 at p. 14.

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 9 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 9
_____

automatically bar him from receiving damages in the current lawsuit. The First Circuit has previously held "that 'in personal injury law, it is well settled that in an action for damages, the tortfeasor takes his victim as he finds him.'" Figueroa-Torres v. Toledo-Dávila, 232 F.3d 270, 275 (1st Cir.2000) (citing Doty v. Sewall, 908 F.2d 1053, 1059 (1st Cir. 1990)). As such, though a plaintiff's preexisting conditions have the potential to "weaken the causal link attributable to Defendant's conduct," Torres-Dillon v. Maldonado, Civil No. 20-1205 (MAJ), 2023 WL 4838155, at *6 (D.P.R. June 28, 2023), they do not preclude the plaintiff from seeking damages for an exacerbation or aggravation of said conditions. See Colón v. Rinaldi, Civil No. 01-1751 (DRD), 2006 WL 3421862, at *11 (D.P.R. Nov. 28, 2006). Moreover, "if the factfinder cannot separate injuries caused or exacerbated by the accident from those resulting from a pre-existing condition, the defendant is liable for all such injuries." Stevens v. Bangor and Aroostook R. Co., 97 F.3d 594, 603 (1st Cir. 1996).

The different districts of the First Circuit have been steadfast in upholding this precedent. See e.g., McKeown v. Woods Hole, 9 F.Supp.2d 32, 45 (D.Mass. 1998) "[O]rdinarily, a defendant is only responsible for the additional increment of suffering caused by the defendant's negligence except where the injuries caused by the accident and the preexisting condition cannot be separated."); Rinaldi, 2006 WL 3421862 at *10 ("If the plaintiff has a preexisting condition that would inevitably worsen, the tortfeasor who inflicts a subsequent injury is liable only for the additional harm or aggravation that he or she caused."); Bouchard v. U.S., 501 F.Supp.2d 200, 226 (D.Me. 2007) ("Once the plaintiff has met that burden, however, the 'defendant who seeks to limit liability on the basis of a preexisting or subsequent injury has the same burden of proof as a defendant

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 10 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 10
_____

claiming comparative negligence or a failure to mitigate damages.'" (citation omitted)); McIsaac v. CSX Transp., Inc., Civil No. 11-11455-RGS, 2012 WL 5354564, at *3 (D.Mass. Oct. 30, 2012) ("Under established First Circuit precedent, a plaintiff is entitled to recover damages for incremental harm caused by the aggravation of a preexisting condition.").

A proper jury instruction as to the Defendant's liability when preexisting conditions are present suffices to put the jury in the proper position to assess whatever damages they may or may not attribute to Plaintiff, should he succeed at trial.[7]

It may well be that Plaintiff's case fails on the merits when brought before a jury, but determinations to be made in this case as to the damages are based on the weight and credibility of competing expert testimony and are best left for the jury to decide at trial. Echevarría v. Robinson Helicopter Co., 824 F.Supp.2d 275, 282 (D.P.R. 2011) ("[C]ontradicting testimony and contravening expert reports present a factual issue that must be presented to a jury."); see also Sparf v. U.S., 156 U.S. 51, 89, 15 S.Ct. 273 (1895) ("The judge decides questions of law; the jury, questions of fact."). As this Court has previously held, "it is not the province of the Court, rather of the jury, to evaluate conflicting statements and give them their appropriate probative value." Colón v. Presbyterian Cmty. Hosp., Inc., Civil No. 20-1220 (CVR), 2021 WL 4768276, at *9 (Oct. 8, 2021); see also Slocum v. New York Life Ins. Co., 228 U.S. 364, 385, 33 S.Ct. 523 (1913) ("It [is] the province of the jury to pass upon the issues of fact...."). "It will be up to the jury to evaluate all the conflicting expert testimony in this case, give it the weight the jurors see fit, and resolve this issue one way or the other." Colón, 2021 WL 4768276 at

---

[7] See, e.g., Nee v. Massachusetts Bay Commuter R.R., Civil No. 07-10349-RGS, 2009 WL 1543776, at *2 (D.Mass. June 2, 2009) ("The court correctly instructed the jury in this regard that 'while a defendant is not liable for a pre-existing condition, it is responsible for any additional injury that its negligence causes or for any aggravation of a plaintiff's pre-existing condition.'").

Case 3:20-cv-01234-CVR   Document 314   Filed 08/30/23   Page 11 of 11

Edwin Antonio Algarín-Moure v. Pedro José Báez-López, et al.
Opinion and Order
Civil No. 20-1234 (CVR)
Page 11
_____

*9; see also Casco, Inc. v. John Deere Constr. & Forestry Co., 990 F.3d 1, 14 (1st Cir. 2021) ("In the end, the jury faced competing testimony from qualified experts and chose an award recommended by one of them, which was within the bounds of a 'rational appraisal.'" (citing Trainor v. HEI Hosp., LLC, 699 F.3d 19, 29 (1st Cir. 2012)).

For all these reasons, Defendant's Motion to Dismiss is denied.

## CONCLUSION

In view of the foregoing, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) is DENIED (Docket No. 306).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 30th day of August 2023.

                                    S/CAMILLE L. VELEZ-RIVE
                                    CAMILLE L. VELEZ-RIVE
                                    UNITED STATES DISTRICT JUDGE